**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
**Kevin A. Yolken**, OSB No. 231913
kyolken@justicelawyers.com
**Patrick Bujold**, OSB No. 254860
pbujold@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON PC
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: 541-484-2434
Fax: 541-484-0882

Attorneys for Plaintiff
TROY HARTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **TROY HARTY**, | Case No. 6:26-cv-01115 |
| Plaintiff, | |
| v. | **COMPLAINT**<br>(Other Civil Action) |
| CITY OF EUGENE, an Oregon municipal corporation; and MICHAEL BRELSFORD, | Fourth Amendment to the United States Constitution; 42 U.S.C. §1983; Negligence |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff TROY HARTY alleges as follows:

**PARTIES**

1.

Plaintiff Troy Harty (Plaintiff) is and has been a resident of the State of Oregon at all

times relevant hereto.

//

Page 1 - **COMPLAINT**

2.

Defendant City of Eugene (City) is and has been a duly organized municipal corporation of the State of Oregon at all times relevant hereto. Defendant City operates the Eugene Police Department (EPD).

3.

Defendant Michael Brelsford (Brelsford) is and has been a resident of the State of Oregon. Defendant Brelsford was employed by the City as a police officer with EPD, and at all times relevant hereto, was acting under color of law in his official capacity and within the course and scope of his employment.

**JURISDICTION AND VENUE**

4.

This Court has jurisdiction pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1331 and 1343. Any and all state law claims contained herein arise from the same case or controversy as Plaintiff's federal law claims and therefore are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

5.

Venue is proper in the United States District Court for the District of Oregon, Eugene Division pursuant to 28 U.S.C. Section 1391 because all or a substantial part of the acts or omissions giving rise to the claims occurred in the State of Oregon, and all of the Defendants reside and/or have their principal place of business in the State of Oregon.

6.

On June 2, 2025, Plaintiff provided Defendant City with timely notice of all claims as required by ORS 30.275.

Page 2 - **COMPLAINT**

## FACTS

7.

On January 12, 2025, Defendant Brelsford and several other officers were nearby Plaintiff's apartment at 770 Tyler Street for an unrelated matter when a resident of the apartment complex approached.

8.

The resident told officer Brelsford that two women could be heard arguing inside an apartment; that a male lived alone in the apartment; and that the dispute was verbal and not physical. The resident then led Brelsford to Plaintiff's apartment.

9.

Just before 1:30 p.m., Plaintiff heard a knock at his window. He opened his door and saw officer Brelsford standing outside. Brelsford announced Eugene Police and told Plaintiff to open the door and step outside, which Plaintiff did.

10.

Officer Brelsford then began giving additional commands without explanation, pointing towards officer Fischer and telling Plaintiff to go stand over there. Plaintiff requested to get his service animal and reached for his door. Plaintiff is disabled and his service animal is trained to perform tasks to assist with his disability.

11.

Plaintiff had committed no crime, posed no threat, and was never told he was under arrest or detained. Nonetheless, Brelsford slammed the front door shut, physically blocking Plaintiff from re-entering his home. Brelsford then pushed Plaintiff up against the wall and grabbed onto Plaintiff's shoulder and arm as officer Fischer grabbed Plaintiff's other arm.

Page 3 - **COMPLAINT**

12.

The two officers shouted conflicting commands and threatened to injure Plaintiff—still without any explanation—when Brelsford suddenly yanked Plaintiff's jacket collar and slammed him backwards onto the concrete without warning.

13.

Within seconds, Brelsford violently kneed Plaintiff twice in the ribcage while Plaintiff was pinned to the ground, disoriented, and with his jacket pulled up over his head.

14.

Officer Willis arrived and immediately placed his body weight onto Plaintiff's back. As Plaintiff groaned in pain with Officers Willis and Fischer each holding an arm, his jacket still up over his head, Brelsford stepped back and called out "Taser Taser Taser" and shot his Taser in dart mode into Plaintiff's bare exposed back. The Plaintiff experienced excruciating pain and complete neuromuscular incapacitation.

15.

The word "arrest" was uttered for the first time after Defendant Brelsford had already beaten and Tased Plaintiff, and he was lying on the concrete incapacitated and pinned down by two officers. Brelsford then shouted at Plaintiff to "stop resisting arrest" as the other two officers pulled Plaintiff's arms behind his back to secure handcuffs.

16.

Plaintiff struggled to breath, and moments later he spiraled into a seizure lasting approximately two minutes. Plaintiff violently and uncontrollably convulsed, face down in handcuffs against the concrete, with the barbed Taser darts implanted in his skin. Brelsford discussed "double cuffing" or removing the cuffs altogether as Plaintiff audibly choked and gasped

Page 4 - **COMPLAINT**

for air mid seizure, but ultimately he declined to loosen or remove the cuffs.

17.

Despite EPD's own conclusion that there was no probable cause for the initial encounter, Brelsford cited Plaintiff for resisting arrest and interfering with a police officer.

18.

Defendant Brelsford's arrest of Plaintiff was unlawful and violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

19.

Additionally, Defendant Brelsford's use of force was excessive and he was required and had reasonable opportunity to warn Plaintiff that force would be used, and to provide an opportunity for Plaintiff to comply prior to using force, but failed to do so.

20.

Reasonable, safe, and feasible alternatives to Defendant Brelsford's sudden and unwarranted escalation to violent physical force existed, including providing clear and calm verbal instruction to Plaintiff who was compliant, non-threatening, and not suspected of having committed any crime.

21.

Defendant Brelsford's use of force was excessive and objectively unreasonable under the circumstances, and violated Plaintiff's Constitutional rights. As a result, Plaintiff sustained injuries to his head and body, and he suffered and will continue to suffer from physical and emotional harms, including but not limited to pain, fear, anxiety, humiliation, anger, PTSD, and inconvenience. All of these harms go to Plaintiff's noneconomic damages, in an amount to be determined by a jury.

//

Page 5 - **COMPLAINT**

## COUNT I
**(42 U.S.C. Section 1983 -- Excessive Force in Violation of the Fourth Amendment)
Against Defendant Brelsford**

22.

Plaintiff hereby incorporates the allegations in paragraphs 1 – 21.

23.

Plaintiff had a constitutionally protected Fourth Amendment right to be free from unjustified seizure accomplished through the use of unreasonable and excessive force.

24.

At all times material hereto, the facts known to Defendant Brelsford did not support reasonable suspicion or an objectively reasonable belief that Plaintiff had committed a crime.

25.

At all times material hereto, the facts known to Defendant Brelsford did not support an objectively reasonable belief that Plaintiff posed an immediate threat to the safety of the officers or others.

26.

At all times material hereto, the facts known to Defendant Brelsford did not support an objectively reasonable belief that Plaintiff was actively resisting arrest or attempting to evade arrest by flight.

27.

At all times material hereto, it was clearly established law that using force against a non-violent subject not suspected of committing any crimes violates the Fourth Amendment.

//

//

Page 6 - **COMPLAINT**

28.

Acting in his official capacity and under color of law, Defendant Brelsford's conduct was objectively unreasonable under the totality of the circumstances and violated Plaintiff's clearly established rights under the Fourth Amendment to be free from unreasonable seizure accomplished through excessive force.

29.

Defendant Brelsford's actions and/or omissions described herein caused the injuries, losses, and damages suffered by Plaintiff described in paragraph 21 above.

## COUNT II
### (42 U.S.C. Section 1983 – Unlawful Seizure in Violation of the Fourth Amendment) Against Defendant Breslford

30.

Plaintiff hereby incorporates the allegations in paragraphs 1 – 21.

31.

Plaintiff had a constitutionally protected Fourth Amendment right to be free from warrantless arrest unless there existed probable cause to believe he had committed a crime.

32.

At all times material hereto, the facts known to Defendant Brelsford did not support a reasonable belief that Plaintiff had violated a criminal law.

33.

Acting in his official capacity and under color of law, Defendant Brelsford's conduct was objectively unreasonable under the totality of the circumstances and violated Plaintiff's clearly established rights under the Fourth Amendment to be free from warrantless arrest absent probable cause to believe he had committed a crime.

Page 7 - **COMPLAINT**

34.

Defendant Brelsford's actions and/or omissions described herein caused the injuries, losses, and damages suffered by Plaintiff described in paragraph 21 above.

## COUNT III
### (Negligence)
### Against Defendant City

35.

Plaintiff hereby incorporates the allegations in paragraphs 1 – 21.

36.

Defendant City, acting through Defendant Brelsford, was negligent in one or more of the following ways, each of which was a substantial factor in causing the injuries, losses, and damages of Plaintiff:

(a)    In arresting Plaintiff without probable cause;

(b)    In using physical force to a greater degree and for a longer duration than what a reasonable officer under the same or similar circumstances would believe necessary;

(c)    In failing to give Plaintiff any verbal warning that force may be used and allowing him a reasonable opportunity to comply;

(d)    In failing to consider or employ alternatives prior to using physical force, including de-escalation; and

(e)    In disregarding training and policy on engaging with subjects with disabilities.

37.

Defendant City, acting through officers Willis and Fischer, was negligent in failing to intervene to prevent what a reasonable officer should know was unlawful or out-of-policy force by Defendant Breslford, which was a substantial factor in causing the injuries, losses, and damages of Plaintiff.

Page 8 - **COMPLAINT**

38.

Defendant City knew, or in the exercise of reasonable care should have known, that the acts or omissions set forth above created an unreasonable risk of foreseeable harm to persons subjected to unconstitutional arrest and unlawful use of force, including Plaintiff.

39.

At all times material hereto, Defendant Brelsford and officers Willis and Fischer were employed by and acting within the course and scope of their employment for Defendant City. Under the doctrine of *Respondeat Superior*, Defendant City is vicariously liable for the actions and/or inactions of its officers described herein.

40.

The negligence of Defendant City in one or more of the above-mentioned ways caused the injuries, losses, and damages suffered by Plaintiff described in paragraph 21 above.

**<u>COUNT IV</u>**
**(Battery)**
**Against Defendant City**

41.

Plaintiff hereby incorporates the allegations in paragraphs 1 – 21.

42.

Defendant Brelsford's intentional, unwanted, harmful, and offensive contact described above constituted a battery for which Defendant City is vicariously liable, and from which Plaintiff suffered the injuries, losses, and damages described in paragraph 21 above.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Page 9 - **COMPLAINT**

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award

the following relief:

1.  Noneconomic damages;

2.  Reasonable attorney fees and costs pursuant to 42 U.S.C. Section 1988; and

3.  Any further relief this Court deems appropriate.

DATED: June 2, 2026

JOHNSON JOHNSON LUCAS & MIDDLETON PC


/s/ *Kevin A. Yolken*
**Kevin A. Yolken**, OSB No. 231913
kyolken@justicelawyers.com
**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
**Patrick Bujold**, OSB No. 254860
pbujold@justicelawyers.com
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882

Attorneys for Plaintiff
Troy Harty